

FILED E.C.

10/19/2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. **1:22-CR-00536** |
| v. | ) |
| | ) |
| | ) Violation: Title 18, United States |
| PETER CRAIG SAVELY | ) Code, Section 1344(2) |

**JUDGE GUZMAN
MAGISTRATE JUDGE FINNEGAN**

The UNITED STATES ATTORNEY charges:

1. At times material to this information:

### Relevant Individuals and Entities

    a.    Business 1 was a health club based in Chicago, Illinois.

    b.    Defendant PETER CRAIG SAVELY was employed as Business 1's Controller.

    c.    Individuals A, B, C, and D were Business 1 employees.

    d.    Huntington Bank ("Huntington") was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation.

    e.    Business 1 was a depositor at Huntington Bank.

### SAVELY's Duties as Business 1's Controller

2. As Business 1's Controller, SAVELY oversaw Business 1's financial bookkeeping and was custodian of Business 1's blank check stock, which drew on Business 1's bank accounts at Huntington Bank. Among other things, Business 1 used its blank check stock to issue manual paychecks to employees. Manual payroll

checks required the authorizing signatures of Business 1's Controller and Chief Financial Officer.

3. Beginning no later than in or around 2013, and continuing until at least in or around November 2020, at Chicago, in the Northern District of Illinois, and elsewhere,

PETER CRAIG SAVELY,

defendant herein, knowingly executed a scheme to obtain money owned by and under the care, custody, and control of Huntington Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

2. It was part of the scheme that SAVELY generated and caused to be generated false Business 1 manual payroll checks payable to Individuals A, B, C, and D (the "payees") from Business 1's blank check stock.

3. It was further part of the scheme that SAVELY signed the false payroll checks as Business 1 Controller and, without the knowledge or approval of Business 1's Chief Financial Officer, forged the Chief Financial Officer's signature for purposes of fraudulently authorizing the false payroll checks.

4. It was further part of the scheme that SAVELY, without the knowledge or approval of the payees, forged the payees' signatures for purposes of fraudulently endorsing the false payroll checks.

5.     It was further part of the scheme that SAVELY deposited the false payroll checks into personal bank accounts that he owned, or cashed the false payroll checks, and converted the funds to his own personal use.

6.     It was further part of the scheme that, for purposes of concealing the fraud, SAVELY made false entries in Business 1's general ledgers and caused the losses associated with the fake payroll checks to be spread across multiple Business 1 departments, thereby making the losses harder to detect.

7.     It was further part of the scheme that SAVELY misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hid, the existence, purpose, and acts done in furtherance of the scheme.

8.     On or about January 17, 2020, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PETER CRAIG SAVELY,

defendant herein, knowingly executed the scheme and attempted to do so by obtaining $4,473.58 from Business 1's account at Huntington Bank, by presenting and depositing, and causing to be presented and deposited, a Business 1 payroll check payable to Individual A that SAVELY fraudulently issued, authorized, and endorsed;

In violation of Title 18, United States Code, Sections 1344(2).

## FORFEITURE ALLEGATION

The UNITED STATES ATTORNEY alleges:

1.      Upon conviction of an offense in violation of Title 18, United States Code, Section 1344, as set forth in this information, defendant shall forfeit to the United States of America any property constituting and derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 982.

2.      The property to be forfeited includes, but is not limited to a personal money judgment in the amount of $4,119,832.38.

3.      If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States Code Section 853(p).

SARAH STREICKER
Digitally signed by SARAH STREICKER
Date: 2022.10.05 13:53:56 -05'00'

Signed by Sarah Streicker
on behalf of the
UNITED STATES ATTORNEY