UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 22 CR 536 |
| v. | ) | |
| | ) | Judge Ronald A. Guzman |
| PETER CRAIG SAVELY | ) | |

**MOTION OF THE UNITED STATES FOR ENTRY OF**
**PRELIMINARY ORDER OF FORFEITURE**

The United States of America, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, moves for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 982(a)(2), and Federal Rule of Criminal Procedure 32.2, and in support thereof submits the following:

1. On October 19, 2022, an information was filed charging defendant PETER CRAIG SAVELY with bank fraud, in violation of Title 18, United States Code, Section 1344(2).

2. The information sought forfeiture to the United States of any and all right, title and interest defendant PETER CRAIG SAVELY may have in any property, real and personal, which constitutes or is derived from proceeds obtained directly or indirectly as a result the offense charged pursuant to the provisions of Title 18, United States Code, Section 982(a)(2), including but not limited to a personal money judgment in the amount of at least $4,119,832.38.

3. On October 27, 2022, pursuant to Federal Rule of Criminal Procedure 11, defendant PETER CRAIG SAVELY entered a voluntary plea of guilty to the

1

information. Pursuant to the terms of the plea agreement and as a result of his violation of Title 18, United States Code, Section 1344(2), defendant PETER CRAIG SAVELY agreed to the entry of a personal money judgment in the amount of $4,119,832.38, pursuant to Title 18, United States Code, Section 982(a)(2), as property constituting or derived from proceeds obtained, directly or indirectly, as a result of the defendant's violation. The amount of the loss was later determined to be $4,152,200.00. The defendant further agreed to the immediate entry of a preliminary order of forfeiture, thereby extinguishing any right, title, or interest he has in the subject funds.

4. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(B), unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing.

5. In accordance with this provision, the United States submits that funds in the amount of $4,152,200.00 are subject to forfeiture as property which constitutes and is derived from proceeds obtained directly and indirectly as a result of the violation charged in the information and are therefore subject to forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(2).

6. The United States requests that this Court enter a forfeiture judgment in the amount of $4,152,200.00, and a preliminary order of forfeiture as to the foregoing funds, against defendant PETER CRAIG SAVELY, forfeiting all right, title,

and interest defendant PETER CRAIG SAVELY has in the foregoing property for disposition according to law.

7. If funds to satisfy the money judgment entered against defendant PETER CRAIG SAVELY, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. have been transferred or sold to, or deposited with, a third-party;

    c. have been placed beyond the jurisdiction of the Court;

    d. have been substantially diminished in value, or

    e. have been commingled with other property which cannot be divided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to defendant PETER CRAIG SAVELY up to the value of $4,152,200.00, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 United States Code, Section 982(b)(1), and Federal Rule of Criminal Procedure 32.2, in order to satisfy the money judgment entered by the Court.

8. Since funds in the amount of the outstanding judgment cannot be located to satisfy the forfeiture judgment, pursuant to the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and by Federal Rule of Criminal Procedure 32.2, the United States, has the authority to forfeit additional substitute assets to satisfy the money judgment. Should assets become available to satisfy the forfeiture judgment in the future, the United States shall, at that time, file a motion for substitution of assets

before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property to satisfy any the forfeiture money judgment according to law.

9. Pursuant to Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1), and Subdivision (b)(3) of Rule 32.2 of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, the Court hereby authorizes the Attorney General or his designated representatives to conduct discovery to identify or locate property subject to forfeiture, including substitute assets, and to seize property ordered forfeited upon such terms and conditions as set forth by the Court.

10. Pursuant to Title 18, United States Code, Section 982(a)(2), and Federal Rule of Criminal Procedure 32.2, the United States requests that the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant PETER CRAIG SAVELY and included in any judgment and commitment order entered in this case against him.

WHEREFORE, pursuant to the provisions of Title 18, United States Code, Section 982(a)(2), and Federal Rule of Criminal Procedure 32.2, the United States requests that this Court enter a personal money judgment against defendant PETER CRAIG SAVELY in the amount of $4,152,200.00 and enter a preliminary order of

forfeiture against defendant PETER CRAIG SAVELY, in accordance with the draft preliminary order of forfeiture which is submitted herewith.

                                        Respectfully submitted,

                                        JOHN R. LAUSCH, JR.
                                        United States Attorney

By:    */s/ Elly Pierson*
        ELLY PIERSON
        Assistant United States Attorney
        219 South Dearborn, Room 500
        Chicago, Illinois 60604
        (312) 353-5300