UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>PETER CRAIG SAVELY | No. 22 CR 536<br><br>Judge Matthew Kennelly |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
REDUCED SENTENCE UNDER 18 U.S.C. § 3582(c)(2)**

Defendant Peter Craig Savely has filed a motion under 18 U.S.C. § 3582(c)(2) seeking a reduced sentence based on Part B, Subpart 1 of Amendment 821 to the Sentencing Guidelines. The government does not oppose this motion and recommends that the Court reduce the defendant's sentence to a term of imprisonment from 51 months to 41 months, leaving all other aspects of the original judgment in place.

### BACKGROUND

On October 19, 2022, the United States Attorney for the Northern District of Illinois charged defendant by information with bank fraud, in violation of 18 U.S.C. § 1344(2). Dkt. 1, Presentence Report (PSR) ¶ 1. Defendant waived indictment and pled guilty to the information on October 27, 2022. *Id.* ¶ 2, Dkt. 10. The sentencing court (Guzman, J.) calculated defendant's guidelines range to be 51 to 63 months, based on an offense level of 24 and a criminal history category of I. PSR ¶ 70. On February 16, 2023, defendant was sentenced to a term of imprisonment of 51 months. Dkt. 26. He is projected to be released from the Bureau of Prisons on September 16, 2025. *See* https://www.bop.gov/inmateloc/ (last accessed April 23, 2024).

1

# DISCUSSION

## I. Guideline Amendment

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a 2-offense-level reduction for many offenders who present zero criminal history points. The new provision states:

§ 4C1.1. Adjustment for Certain Zero-Point Offenders

(a) ADJUSTMENT.—If the defendant meets all of the following criteria:

    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

    (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

    (3) the defendant did not use violence or credible threats of violence in connection with the offense;

    (4) the offense did not result in death or serious bodily injury;

    (5) the instant offense of conviction is not a sex offense;

    (6) the defendant did not personally cause substantial financial hardship;

    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

    (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

> decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.C. § 4A1.1(c) (Nov. 1, 2023).

On August 24, 2023, the Commission decreed that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Defendant did not receive any criminal history points. PSR ¶31. His crime involved bank fraud, not terrorism, violence, substantial financial hardship, a firearm, or any of the other specific factors that would exclude him from zero-point offender eligibility. *Id.*, passim.

Upon application of the new provision to defendant, his offense level is reduced by 2 levels to 22, and his advisory guideline range is reduced to 41 to 51 months.

**II. Defendant's Motion**

Defendant presents the current motion pursuant to 18 U.S.C. § 3582(c)(2), that provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

3

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including Part B, Subpart 1 of Amendment 821, and articulated the proper procedure for implementing those amendments.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

Consistent with these rules, defendant is eligible for a reduction in sentence, to a term no lower than 41 months, which is the bottom of the new guideline range produced by application of the new zero-points provision.

Taking into account the policy statement set forth at U.S.S.G. §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), a reduction in sentence to the same point in the amended guideline range as the point originally selected by the Court when applying the original guideline range, that is, at the low-end of the range, is warranted. Notably, defendant has behaved well in prison, and has not incurred any disciplinary infractions.

For these reasons, the government does not oppose defendant's motion under 18 U.S.C. § 3582(c)(2) for a reduction of sentence pursuant to Part B, Subpart 1 of Amendment 821 to the Sentencing Guidelines, and to reduction of the term of imprisonment to 41 months. All other aspects of the original sentence should remain unchanged.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:   /s/ *Elham Peirson*
Elham Peirson
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1412

Dated: April 23, 2024